# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br>**Richard Douglas Cullinan,**<br><br>Debtor. | Chapter 7<br><br>Case No. 22-51326-wlh |
| **Coastal States Bank,**<br><br>    PLAINTIFF,<br><br>v.<br><br>**Richard D. Cullinan, Christina M. Cullinan, Fifth Third Bank, N.A., and Credibility Capital, Inc.,**<br><br>    DEFENDANTS. | Adversary Proceeding<br><br>Case No.: 22-05078-wlh |

## DEFENDANTS' ANSWER TO COMPLAINT

COMES NOW Defendant Richard D. Cullinan and Christina M. Cullinan ("**Defendants**") and files this Answer to Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim for which relief can be granted as to Count I.

2. Plaintiff's actions are barred by the doctrine of waiver and/or estoppel.

3. Plaintiff's damages are limited to the extent it received payment.

4. Defendant reserves the right to assert additional affirmative defenses based upon further

investigation and/or discovery.

**ANSWER**

1.

Admitted.

2.

Admitted.

3.

Admitted.

4.

Admitted.

5.

Admitted.

6.

Admitted.

7.

Admitted.

8.

Admitted.

9.

Admitted.

10.

Defendant Richard Cullinan admits he obtained a loan from Cornerstone in the amount of $404,969.00. Defendant Christina Cullinan denies being an obligor on the Loan. Plaintiff's proof of claim filed in the lead case evidences only Mr. Cullinan as being liable on the Loan.

11.

Admitted.

12.

Admitted.

13.

Defendants are without sufficient information to admit or deny whether the Cancellation of Deed to Secure Debt was filed by mistake or without consideration; therefore, it is denied. Defendants admit that Cornerstone executed a Cancellation of Deed to Secure Debt and recorded the same on January 30, 2020, at Deed Book 61111, Page 344, of the Real Property Records.

14.

Admitted.

15.

Denied. The Credibility Lien was filed in DeKalb County, not Fulton County.

16.

Admitted.

17.

Defendants admit that Mr. Cullinan listed CSB as a secured creditor on his initial Schedule D and denies any implication that this renders CSB as a secured creditor. Defendants deny any allegation not specifically admitted.

18.

Admitted.

19.

Defendants admit that Mr. Cullinan listed CSB as a secured creditor on his initial Schedule D and denies any implication that this renders CSB as a secured creditor. Defendants deny any allegation not specifically admitted.

20.

Admitted.

21.

Defendant is without sufficient information to admit or deny this allegation; therefore, it is denied.

22.

Defendant is without sufficient information to admit or deny this allegation; therefore, it is denied.

23.

Admitted.

24.

Defendants incorporate by reference their responses to Paragraphs 1-21 as if fully restated herein.

25.

Denied.

26.

Denied.

27.

Denied.

28.

Defendants incorporate by reference their responses to Paragraphs 1-27 as if fully restated herein.

29.

Admitted.

30.

Defendants admit there is an actual controversy regarding the status of the First Security Deed and the effect of the Cancellation of Deed to Secure Debt and deny any allegation not specifically admitted.

31.

Admitted.

32.

Denied.

Wherefore, Defendants request that the Court deny the relief sought in Plaintiff's Complaint and enter an order declaring that the First Security Deed is not secured as to the Property, as defined in the Complaint, and to grant such other relief as the Court deems just and proper.

/s/ Will Geer_____
Will Geer
Georgia Bar No. 940493
Attorney for Defendant Richard Cullinan

2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
T: 678-587-8740
wgeer@rlkglaw.com

 /s/ Christina Cullinan
Christina Cullinan

# COUNTERCLAIM/OBJECTION TO CLAIM

1.

Debtor commenced this Chapter 11 case on February 17, 2022 (the "**Petition Date**").

2.

No Chapter 11 trustee has been appointed, and Debtor continues to operate his businesses as a debtor-in-possession pursuant to the Bankruptcy Rules. This case is proceeding as a SubChapter V Chapter 11 case.

3.

CSB filed claim no. 6-1 in the amount of $372,168.64 (the "**Proof of Claim**"), asserting a first priority security interest in Debtor's real property located at 305 Cannady Court, Atlanta, Georgia 30350 (the "**Real Property**") based upon a security deed filed in the real estate records of the Clerk of the Fulton County Superior Court, Deed Book 57896, Page 402 (the "**Security Deed**"). A true and correct copy of the Proof of Clam, which includes a copy of the Security Deed, is attached hereto as Exhibit "A".

4.

As of the Petition Date, Debtor and Ms. Cullinan were record title owners of the Real Property pursuant to that Warranty Deed recorded in the Fulton County Clerk's Office in Deed

6

Book 50267, Page 235 (the "**Warranty Deed**"). A true and correct copy of the Warranty Deed is attached hereto as Exhibit "B".

5.

On January 30, 2020, CSB filed a cancellation of the Security Deed with the Clerk of the Superior Court of Fulton County, Deed Book 61111, Page 344 (the "**Deed Cancellation**"). A true and correct copy of the Deed Cancellation is attached hereto as Exhibit "C".

6.

As a debtor-in-possession with all the rights, powers, and duties of a trustee, Debtor takes the position of a hypothetical judgment lien creditor or bona fide purchaser for value as to all estate property, including the Real Property. 11 U.S.C. §544(a)(1)-(3). Once the case is filed, CSB is barred from attempting to re-perfect its interest in the Real Property, and the Debtor's position, as well as Fifth Third's position, is superior to any interest claimed by CSB. *See Official Committee of Unsecured Creditors of Motors Liquidation v. JPMorgan Chase Bank (In re Motors Liquidation)*, 777 F.3d 100 (2d Cir. 2015).

7.

The Debtor-in-possession, in the position of a bona fide purchaser under 11 U.S.C. § 544(a)(3), is entitled to rely on the Deed Cancellation.

8.

Subsequent to CSB's cancellation of the Security Deed, Fifth Third Bank caused a judgment lien to be filed against the Real Property on or around August 17, 2021 in the amount of $1,033,706.34, an intervening event that changes the priorities of the security interests in the Residence.

7

9.

As a result of CSB filing the Deed Cancellation that cancelled the Security Deed, CSB's Claim No. 6-1 should be classified as completely unsecured in its entirety.

This 20th day of June, 2022.

/s/ Will Geer_____
Will Geer
Georgia Bar No. 940493
Attorney for Defendant Richard Cullinan

2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
T: 678-587-8740
wgeer@rlkglaw.com

8

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused a copy of the foregoing **DEFENDANTS' ANSWER and COUNTERCLAIMS** to be filed with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

**Bret J. Chaness**
Rubin Lublin, LLC
Suite 100
3145 Avalon Ridge Place
Peachtree Corners, GA 30071-1570
(678) 281-2730
Fax : (404) 921-9016
Email: bchaness@rubinlublin.com

This 20th day of June 2022.

                                                                           Respectfully submitted,

                                                                           /s/ Will Geer_____
                                                                           Will Geer
                                                                           Georgia Bar No. 940493
                                                                           Attorney for Defendant

2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
T: 678-587-8740
wgeer@rlkglaw.com