UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RICHARD DOUGLAS CULLINAN, | ) | CASE NO. 22-51326-wlh |
| | ) | |
| Debtor | ) | CHAPTER 11 |
| | ) | |
| COASTAL STATES BANK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ADVERSARY PROCEEDING |
| | ) | NO. 22-05078-wlh |
| RICHARD DOUGLAS CULLINAN, CHRISTINA M. CULLINAN, FIFTH THIRD BANK, NATIONAL ASSOCIATION, and CREDIBILITY CAPITAL, INC., | ) | |
| | ) | |
| Defendants | ) | |

**ANSWER AND DEFENSES OF FIFTH THIRD BANK, NATIONAL ASSOCIATION**

COMES NOW Fifth Third Bank, National Association ("Defendant") and hereby submits its *Answer and Defenses* to the Complaint filed by Coastal States Bank ("Plaintiff"), showing as follows:

**Jurisdiction**

1. Defendant admits the allegations of Paragraph 1 of the Complaint.

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of the first sentence of Paragraph 3 of the Complaint. Defendant consents to the entry of final judgment by the Bankruptcy Court.

4. Defendant admits that the adversary proceeding is brought pursuant to Fed. R. Bankr. P. 7001, but denies the remaining allegations of Paragraph 4 of the Complaint.

## Parties

5. In response to the allegations of Paragraph 5 of the Complaint, Defendant admits that Richard Douglas Cullinan is an individual whose bankruptcy petition identifies 305 Canady Court, Atlanta, Fulton County, Georgia 30350 (the "Property") as his residence.

6. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. Defendant admits the allegations of Paragraph 7 of the Complaint.

8. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

## Facts

10. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. In response to the allegations of Paragraph 11 of the Complaint, Defendant admits that there is a *Security Deed* on the Property recorded August 29, 2017, at Deed Book 57896, Page 402, Fulton County Real Property Records (the "Security Deed"), a copy of which is attached as Exhibit "A" to the Complaint. Except as admitted herein, Defendant is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint.

12. In response to the allegations of Paragraph 12 of the Complaint, Defendant admits that there is a *Home Equity Line of Credit Security Deed* on the Property recorded August 29, 2017, at Deed Book 57896, Page 414, Fulton County Real Property Records, a copy of which is attached as Exhibit "B" to the Complaint. Except as admitted herein, Defendant is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 of the Complaint.

13. In response to the allegations of Paragraph 13 of the Complaint, Defendant admits that there is an executed *Cancellation of Deed to Secure Debt* (the "Cancellation") relating to the Security Deed recorded January 30, 2020, at Deed Book 61111, Page 344, Fulton County Real Property Records, a copy of which is attached as Exhibit "C" to the Complaint. Except as admitted herein, Defendant is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Complaint.

14. Defendant admits the allegations of Paragraph 14 of the Complaint.

15. In response to the allegations of Paragraph 15 of the Complaint, Defendant admits that there is a *Writ of Fieri Facias* reflecting Credibility Capital, Inc. as plaintiff recorded February 11, 2022, at Lien Book 5213, Page 486, Fulton County Records, a copy of which is attached as Exhibit "E" to the Complaint. Except as admitted herein, Defendant is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the Complaint.

16. Defendant admits the allegations of Paragraph 16 of the Complaint.

17. Defendant admits the allegations of Paragraph 17 of the Complaint.

18. Defendant admits the allegations of Paragraph 18 of the Complaint.

19. Defendant admits the allegations of Paragraph 19 of the Complaint.

20. Defendant admits the allegations of Paragraph 20 of the Complaint.

21. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint.

23. Defendant is without information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

## Count I
## Rescission

24. Defendant incorporates by reference its responses to Paragraph 1-23 of the Complaint as though set forth fully herein.

25. Defendant is without information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 25 of the Complaint. Defendant denies the remaining allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

## Count II
## Declaratory Judgment

28. Defendant incorporates by reference its responses to Paragraph 1-27 of the Complaint as though set forth fully herein.

29. In response to the allegations of Paragraph 29 of the Complaint, Defendant admits that Count II asserts an action for declaratory judgment but denies that Plaintiff is entitled to the relief sought.

30. In response to the allegations of Paragraph 30 of the Complaint, Defendant admits that a controversy exists but denies that Plaintiff is entitled to the relief sought.

31. In response to the allegations of Paragraph 31 of the Complaint, Defendant denies that Plaintiff is entitled to the relief sought.

32. In response to the allegations of Paragraph 32 of the Complaint, Defendant denies that Plaintiff is entitled to the relief sought.

### General Denial

Any allegation not expressly admitted is denied.

### First Affirmative Defense

The Complaint fails to state a claim for relief against Defendant.

### Second Affirmative Defense

Plaintiff is not entitled to the equitable remedy of rescission with respect to the Cancellation because of the intervening rights of a bona fide purchaser and other creditors.

WHEREFORE, Defendant prays that this Court enter judgment in favor of Defendant and against Plaintiff, and grant such other relief as is appropriate.

Dated: July 15, 2022

> LAMBERTH, CIFELLI,
> ELLIS & NASON, P.A.
> *Counsel for Fifth Third Bank,*
> *National Association*
>
> By: */s/ G. Frank Nason, IV*
> G. Frank Nason, IV
> Georgia Bar No. 535160
> fnason@lcenlaw.com

6000 Lake Forrest Drive, NW
Suite 435
Atlanta, Georgia 30328
(404) 262-7373

## Certificate of Service

This is to certify that I have on this day electronically filed the foregoing *Answer and Defenses of Fifth Third Bank, National Association* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

    Bret J. Chaness        bchaness@rubinlubin.com

    Will B. Geer          wgeer@rlkglaw.com

Dated: July 15, 2022

                                          */s/ G. Frank Nason, IV*
                                          G. Frank Nason, IV
                                          Georgia Bar No. 535160

6000 Lake Forrest Drive
Suite 435
Atlanta, Georgia 30328
(404) 262-7373