**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **In Re:** | **CHAPTER 11** |
| **RICHARD DOUGLAS CULLINAN,** | **CASE NO. 22-51326-WLH** |
| Debtor. | |
| **COASTAL STATES BANK,** | |
| Plaintiff, | |
| v. | **ADVERSARY PROCEEDING NO. 22-05078-WLH** |
| **RICHARD DOUGLAS CULLINAN, CHRISTINA M. CULLINAN, FIFTH THIRD BANK, NATIONAL ASSOCIATION, AND CREDIBILITY CAPITAL, INC.,** | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS RICHARD DOUGLAS CULLINAN AND CHRISTINA M. CULLINAN'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendants Richard D. Cullinan and Christina M. Cullinan (the "**Defendants**"), by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, files this Memorandum of Law in Support of its Motion for Summary Judgment (the "**Motion**") against Coastal States Bank (the "**Bank**"), respectfully showing the Court as follows.

### INTRODUCTION

The Bank is requesting that the Court reinstate its security deed that it cancelled prior to the petition date. This is not permitted under established bankruptcy law. Once the Debtor filed

Chapter 11 bankruptcy, he became a debtor-in-possession with all the rights, powers, and duties of a trustee. A trustee, under Section 544 of the Bankruptcy Code, has the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by… a bona fide purchaser of real property. In this case, a bona fide purchaser of the Property would have discovered the cancelled security deed in the chain of title and properly relied upon the Cancellation. Because a bona fide purchaser under Georgia law could take free of the Bank's asserted interest and would have no constructive notice that the cancellation was invalid, the debtor-in-possession may also sell the Property free of the Bank's cancelled deed.

## SUMMARY OF FACTS

On August 21, 2017, Debtor obtained a loan of $404,969.00 from Cornerstone Bank and as evidence of the loan, Debtor executed a promissory note in favor of Cornerstone.[1] Debtor and his wife, Christina M. Cullinan ("**Ms. Cullinan**"), executed a security deed (the "**First Security Deed**") regarding property at 305 Cannady Court, Atlanta, GA 30350 (the "**Property**") in favor of Cornerstone Bank.[2] The First Security Deed was recorded on August 29, 2017 in Deed Book 57896, Page 402 of the Fulton County, Georgia land records.[3] The Debtor and Ms. Cullinan obtained a Home Equity Line of Credit, and executed another security deed in favor of Cornerstone Bank on or around August 21, 2017 (the "**Second Security Deed**"), which was recorded on August 29, 2017 in Deed Book 57896, Page 414, of the Fulton County, Georgia land records.[4]

On January 16, 2020, Cornerstone Bank executed a cancellation of Deed to Secure Debt (the "**Cancellation**"), which was recorded on January 30, 2020 in Deed Book 61111, Page 344 of

---

[1] Statement of Material Facts ("SMF") ¶¶ 1, 2
[2] SMF ¶ 3
[3] SMF ¶ 4
[4] SMF ¶¶ 5, 6

the Fulton County, Georgia land records.[5] The cancellation cancelled the First Security Deed.[6] In 2021, the Bank purchased Cornerstone Bank and thus became the current holder of the Debtor's promissory note as Cornerstone's successor-in-interest.[7]

On August 17, 2021, Fifth Third Bank recorded a Writ of Fieri Facias against Debtor in Lien Book 5150, Page 670 of the Fulton County, Georgia records.[8]

On February 17, 2022, the Debtor filed the instant bankruptcy case.[9] On May 26, 2022, this Court entered an Order granting Debtor's Motion to Sell Real Property.[10] The Order provided that "[u]pon closing of the Sale, all liens, claims, and encumbrances on the Property shall attach to the proceeds of the Sale . . . to the same extent, validity, and priority as they existed on the Petition Date, unless the Court has entered an order avoiding all or any portion of a creditor's lien."[11] The sale of the Property closed on May 27, 2022.[12]

### ARGUMENT AND CITATION TO AUTHORITY

**A.     The Standard on a Motion for Summary Judgment.**

Summary judgment is appropriate "if [the Debtor] shows that there is no genuine dispute as to any material fact and [the Debtor] is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. In support of its Motion, the Debtor "must point to the pleadings, discovery responses or supporting affidavits which tend to show the absence of a genuine issue of material fact." *First Nat'l Bank of Griffin v. Wyatt-Frizzell (In re Frizzell),* No. 02-6443, 2006 Bankr. LEXIS 2510 (Bankr. N.D. Ga. Aug. 8, 2006)). Once the Debtor properly supports its

---

[5] SMF ¶ 7
[6] SMF ¶ 8
[7] SMF ¶ 9
[8] SMF ¶ 10
[9] SMF ¶ 11
[10] SMF ¶ 12
[11] SMF ¶ 13
[12] SMF ¶ 14

Motion, the burden then shifts to the Bank to come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). As the nonmovants, the Bank may not rest upon mere allegations or denials in their pleadings. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986). This requires the Bank to produce "evidence that a reasonable factfinder could return a verdict in [their] favor." *Waddell v. Valley Forge Dental Assocs., Inc.,* 276 F.3d 1275, 1279 (11th Cir. 2001). Legal conclusions, evidence inadmissible at trial, and conclusory allegations are insufficient. *Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir. 1991).

**B.    The Defendants are entitled to summary judgment on Counts I and II of the Complaint.**

In Counts I and II of its Complaint the Bank is asking for the same relief, that the Bank's mistakenly cancelled Security Deed be reinstated, via either a rescission of the Cancellation or via a ruling that the Cancellation is null and void. The requested relief is not available to the Bank because the Debtor is considered a bona fide purchaser of the Property, and Georgia law does not allow the reinstatement of a mistakenly cancelled security deed once a bona fide purchaser intervenes. Therefore, summary judgment should be granted to the Defendants.

Under 11 U.S.C. § 1107(a), a debtor-in-possession "shall have all the rights… and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a) (2), (3), and (4) of this title of a trustee." Under 11 U.S.C. § 544(a)(3), a trustee has, "without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by… a bona fide purchaser of real property" that obtains said status and has perfected any transfer as of the petition date. Pursuant to section 544(a)(3), a trustee is "statutorily deemed to have purchased the real estate from the debtor for valuable consideration," which enables a trustee to assume all

-4-

of the rights available to a BFP under applicable state law. *Miller v. New Penn Fin., LLC (In re Miller)*, Nos. 15-70981-WLH, 18-5198-WLH, 2019 Bankr. LEXIS 726, at *12 (Bankr. N.D. Ga. Mar. 8, 2019).

While the bankruptcy code grants the trustee's rights as bona fide purchaser, the trustee's rights in relation to other parties claiming in interest in the property is a matter of state law. *Maine National Bank v Morse (In re Morse)* 30 B.R. 52, 54 (1st Cir. 1983). It is true that Georgia courts have recognized that "cancellation obtained by fraud or mistake without payment may itself be canceled by a court of equity." *Decatur Fed. Sav. & Loan v. Gibson*, 268 Ga. 362, 364 (1997). However, "[a] bona fide purchaser for value, and without notice of an equity, will not be interfered with by a court of equity." O.C.G.A. § 23-1-20. Therefore, a reinstated security deed retains its priority only if there is no intervening lien of a bona fide purchaser without knowledge. *Murray v. Johnson*, 222 Ga. 788 (Ga. 1966).

In an action under 11 U.S.C. § 544(a)(3), the Trustee's actual knowledge of a superior interest is disregarded. *Deutsche Bank Nat'l Trust Co. v. JP Morgan Chase Bank, N.A.*, 307 Ga. App. 307, 309 (2010). Thus, "the relevant inquiry in this case is whether a bona fide purchaser would have had constructive knowledge of the outstanding security interest." *Kelley v. Ocwen Loan Servicing, LLC (In re Bowers)*, 595 B.R. 869, 875 (Bankr. M.D. Ga. 2018). Purchasers are considered to have "notice of every matter which appears in his deed, and of any matters which appear on the face of any deed, decree, or other instrument forming an essential link in the chain of instruments through which he deraigns title[.]" *Henson v. Bridges*, 218 Ga. 6, 9 (1962).

The "[c]hain of title includes all recorded instruments pertaining to the property that are executed by an entity holding a recorded interest in the property at the time of the execution of the instrument." *VATACS Group v. Homeside Lending,* 276 Ga. App. 386, 391 (2005). When the chain

is "regular on its face and the instruments are duly recorded, no duty to inquire arises and a bona fide purchaser may take free of an unperfected interest." *Kelley v. Ocwen Loan Servicing, LLC (In re Bowers),* 595 B.R. at 875 (internal citation and quotations omitted).

Here, the undisputed facts show that the Bank recorded a cancellation of its security deed. The cancellation appears in the Debtor's chain of title. As the Debtor-in-Possession with the powers and duties of a trustee, the relevant question is whether a bona-fide purchaser would have constructive notice of the Bank's interest. The answer to that question is no. A bona fide purchaser, upon encountering a cancellation of a security deed, filed by the same entity that recorded the security deed, would not inquire further, and is entitled to presume that no security interest remained outstanding. *Id.*

The bankruptcy courts that have been presented with the same fact pattern as the instant case have come to the same conclusion, that a mistakenly cancelled security deed cannot be reinstated after the bankruptcy case was filed. In *AFB&T v. Custom Contrs. & Associates*, the Southern District held that, "In *Murray*, the Georgia Supreme Court has held that where a prior deed was mistakenly cancelled of record and the property was sold to a bona fide purchaser during the period of time the public records showed the deed to secure debt was cancelled and before the creditor had taken action to give notice of its rights, the bona fide purchaser will be protected. *Murray*, 152 S.E.2d at 741 (Ga. 1966). Under the rationale of *Murray*, the Trustee, as a bona fide purchaser, prevails over AFB&T because at the commencement of the bankruptcy case, the public records showed the cancellation of the deed to secure debt." *AFB&T v. Custom Contrs. & Associates* (*In re Custom Contrs. & Assocs.*) 2009 Bankr. LEXIS 5715 (Bankr. S.D. Ga. 2009).

In *Kelley,* the Middle District held that a bona fide purchaser could rely on a cancellation recorded by a party without a recorded interest in the property, as O.C.G.A. § 44-14-64(f) expressly permits the recording of a cancelation by a party without a recorded assignment. "Georgia's recording statutes protect the interests of bona fide purchasers," and "[t]he Bankruptcy Code gives the Trustee the powers of a bona fide purchaser and, thus, the protections provided by Georgia law extend to the Trustee as a matter of law." *Kelley* at 879-880. If a purchaser may rely on an otherwise facially valid cancelation by someone who has no recorded interest in the property, they can certainly rely on a cancelation recorded by the known holder of the security interest.

Although the underlying facts differ from the instant case, in *Miller,* the Northern District stated, "Section 544(a) confers upon Plaintiff the rights and powers available to a [bona fide purchaser] under state law, which she may exercise to the same extent they are available under state law. *Miller v. New Penn Fin., at \*26.* And, "[a] bona fide purchaser for value, and without notice of an equity, will not be interfered with by a court of equity." O.C.G.A. § 23-1-20. Consequently, the Debtor-in-Possession, who stands in the shoes of a bona-fide purchaser, had no notice of the defective cancelation, and cannot be interfered with by rescinding the cancelation.

Thus, as a bona fide purchaser can take free of the Bank's security interest, so to can the Debtor-in-Possession, and the Bank does not have a security interest in the proceeds from the sale of the Property.

**C. Debtor is entitled to summary judgment on its objection to the Bank's secured claim.**

As with Counts I and II, Debtor is entitled to summary judgment on its objection to the Bank's secured claim. Section 506(a) of the Bankruptcy Code provides that a claim is allowed as secured to the extent of the creditor's interest in the estate's interest in the property. 11 U.S.C. § 506(a). It is undisputed that the Bank cancelled its Security Deed prior to the petition date. As a

result, the Bank did not have a security interest in the Property at the time the case was filed. Because, as the Defendants have shown above, the Bank is not entitled to reinstatement of the mistakenly cancelled security deed, the Court must hold that the Bank's claim is wholly unsecured.

## CONCLUSION

There are no genuine disputed material facts concerning Counts I and II of the Complaint nor Plaintiff's objection to the Bank's secured claim in this adversary proceeding. For the foregoing reasons, this Court should grant summary judgment in favor of the Defendants and against the Bank on the Bank's claims under Counts I and II and on the Debtor's objection to the Bank's secured proof of claim.

Dated: September 21, 2022                **ROUNTREE LEITMAN KLEIN & GEER, LLC**

/s/ *Will B. Geer*
Will B. Geer, Ga. Bar No. 940493
Elizabeth A. Childers, Ga. Bar No. 143546
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wgeer@rlkglaw.com
echilders@rlkglaw.com
*Attorneys for Defendants*