UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RICHARD DOUGLAS CULLINAN, | ) | CASE NO. 22-51326-wlh |
| | ) | |
| Debtor | ) | CHAPTER 11 |
| _____ | ) | |
| | ) | |
| COASTAL STATES BANK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ADVERSARY PROCEEDING |
| | ) | NO. 22-05078-wlh |
| RICHARD DOUGLAS CULLINAN, | ) | |
| CHRISTINA M. CULLINAN, FIFTH | ) | |
| THIRD BANK, NATIONAL | ) | |
| ASSOCIATION, and CREDIBILITY | ) | |
| CAPITAL, INC., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| _____ | ) | |

**STATEMENT OF POSITION OF FIFTH THIRD BANK, NATIONAL ASSOCIATION**

COMES NOW Fifth Third Bank, National Association ("Fifth Third") and hereby submits its *Statement of Position* with respect to the *Defendants Richard C. Cullinan and Christina M. Cullinan's Motion for Summary Judgment* (the "Defendants' Motion"), filed by Richard C. Cullinan ("Debtor") and Christina M. Cullinan (collectively, "Defendants") and the *Coastal States Bank's Motion for Summary Judgment* (the "Plaintiff's Motion") filed by Coastal State Bank ("Plaintiff"), showing as follows:

Fifth Third affirmatively supports the Defendants' Motion. Plaintiff seeks in this adversary proceeding the equitable remedy of rescission with respect to the Cancellation[1] of Plaintiff's First Security Deed on the Property. However, contrary to the arguments in Plaintiff's Motion, rescission is not available to Plaintiff, as the rights of a bona fide purchaser for value have intervened.

The underlying bankruptcy case was commenced on February 17, 2022 (the "Petition Date"). On the Petition Date, the only encumbrances of record were (i) a Home Equity Line Security Deed on the Property in favor of Cornerstone Bank in 2017 recorded at Book 57896, Page 414, Fulton County Records (the "HELOC Deed")[2] (ii) Fifth Third's Writ of Fieri Facias against Debtor and others at Lien Book 5150, Page 670, Fulton County, Georgia Records, recorded on August 17, 2021, and (iii) Credibility Capital, Inc.'s Writ of Fieri Facias against Debtor and others at Lien Book 5213, Page 486, Fulton County, Georgia Records, recorded on February 11, 2022.

On May 26, 2022, this Court entered an Order (the "Sale Order") granting *Debtor's Motion to Sell Real Property* (Stipulation No. 10). The Sale Order provided that "[u]pon closing of the Sale, all liens, claims, and encumbrances on the Property shall attach to the proceeds of the Sale . . . to the same extent, validity, and priority as they existed on the Petition Date, unless the Court has entered an order avoiding all or any portion of a creditor's lien." The sale of the Property closed on May 27, 2022 (Stipulation No. 11).

---

[1] Defined terms have the meaning ascribed to them in the *Stipulation of Facts* (the "Stipulation") attached to the *Report of Rule 26(f) Conference* (A. P. Doc. No. 11).

[2] At closing of the sale of the Property, the debt secured by the HELOC Deed was paid in full. See, *Report of Sale* (Bankr. Doc. No. 55). Pursuant to Fed. R. Evid. 201(b), the Court can take judicial notice of its own docket and the contents of documents filed in the case.

With respect to mistakenly cancelled security deeds such as the Cancellation, Courts have found that bona fide purchasers have a right to rely on the public records and are not charged with inquiry notice if a cancellation is in the chain of title. *AFB&T v. Custom Contrs. & Assocs.* (*In re Custom Contrs. & Assocs.*), 2009 Bankr. LEXIS 5715 (Bankr. S. D. Ga. 2009); *Deutsche Bank Nat'l Trust Co. v. Kelley*, 615 B.R. 940 (M. D. Ga. 2020)("To hold otherwise would require a hypothetical purchaser to search for or know information that is beyond the face of the chain of title."); *Kelley v. Ocwen Loan Servicing, LLC* (*In re Bowers*), 595 B.R. 869 (Bankr. M. D. Ga. 2018)("[T]there was no reason to suspect that [the cancelation instrument] might be defective in some manner or that there might be a problem in the chain of title resulting from the [cancelation instrument]").

Accordingly, the First Security Deed did not attach to the Property on the Petition Date because it was cancelled of record, and rescission is not available to restore the First Security Deed's position as to the Property or the proceeds. Coastal Bank's debt is therefore unsecured.

WHEREFORE, Fifth Third submits this Statement of Position in support of the Defendants' Motion.

Dated: September 21, 2022

                                            LAMBERTH, CIFELLI,
                                            ELLIS & NASON, P.A.
*Counsel for Fifth Third Bank,*
*National Association*

By: */s/ G. Frank Nason, IV*
      G. Frank Nason, IV
      Georgia Bar No. 535160
      fnason@lcenlaw.com

6000 Lake Forrest Drive, NW
Suite 435
Atlanta, Georgia 30328
(404) 262-7373

**Certificate of Service**

    This is to certify that I have on this day electronically filed the foregoing *Statement of Position of Fifth Third Bank, National Association* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

    Bret J. Chaness        bchaness@rubinlubin.com

    Will B. Geer          wgeer@rlkglaw.com

Dated: September 21, 2022

                                           */s/ G. Frank Nason, IV*
                                           G. Frank Nason, IV
                                           Georgia Bar No. 535160

6000 Lake Forrest Drive
Suite 435
Atlanta, Georgia 30328
(404) 262-7373