IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>RICHARD DOUGLAS CULLINAN,<br><br>    Debtor. | Case No. 22-51326-WLH<br>Chapter 11 |
| COASTAL STATES BANK,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD DOUGLAS CULLINAN, CHRISTINA M. CULLINAN, FIFTH THIRD BANK, NATIONAL ASSOCIATION, AND CREDIBILITY CAPITAL, INC.,<br><br>    Defendants. | Adv. Proc. No: 22-05078-wlh |

**COASTAL STATES BANK'S RESPONSE TO DEFENDANTS RICHARD AND CHRISTINA CULLINANS' MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Coastal States Bank ("CSB"), and files this Response to Defendants Richard and Christina Cullinans' Motion for Summary Judgment [Doc. 15], respectfully showing this Honorable Court as follows:

**INTRODUCTION**

In this case, both sides agree on exactly what the facts are. Debtor Richard Cullinan and his wife obtained a mortgage loan from CSB's predecessor in interest, Cornerstone Bank, and executed a security deed in favor of Cornerstone. Cornerstone mistakenly recorded a cancellation of that security deed despite a significant balance remaining due. However, remaining of record at the time this bankruptcy case was filed was a second priority security deed in favor of

1

Cornerstone (later CSB) and two massive judgment liens in favor of Fifth Third Bank and Credibility Capital.

CSB filed this adversary to seek to rescind the cancellation and restore the security deed. The Debtor filed a counterclaim under 11 U.S.C. § 544, asserting that the security deed is avoidable because he is a hypothetical bona fide purchaser. The parties here stipulated to the material facts and filed cross-motions for summary judgment. In the cross-motions, both parties appear to agree on the general framework required of this Court's analysis. Where the parties seem to disagree is on the application of inquiry notice. CSB argued in its motion that the state of the deed records on the date that the bankruptcy case was filed should have placed any third party on inquiry notice that the cancellation was mistaken. The Debtor contends that inquiry notice has no place here. As will be shown herein, it certainly has a place here, and any third party should have immediately questioned whether the cancellation was proper.

## ARGUMENT AND CITATION OF AUTHORITY

A.    **INQUIRY NOTICE DEFEATS THE DEBTOR'S AVOIDANCE ARGUMENT**

"A bankruptcy trustee cannot avoid an unrecorded interest in real estate if the unrecorded interest is nevertheless effective under state law principles of constructive or inquiry notice." *Detention Mgmt., LLC v. UMB Bank, NA (In re Municipal Corrections, LLC)*, 501 B.R. 119, 131-32 (Bankr. N.D. Ga. 2013) (citations omitted). "The concept of inquiry notice 'imputes knowledge of an earlier interest in land whenever there is any circumstance which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry.'" *Id.* (quoting *In re Hedrick*, 524 F.3d 1175, 1183 (11th Cir. 2008) (citation omitted)). In CSB's Motion for Summary Judgment, it argued that

> the circumstances are such that Mr. Cullinan, standing the shoes of the trustee, should be deemed to have been on inquiry notice of the continuing validity of the

2

> First Security Deed. At the time that the Bankruptcy Case was filed, the chain of title to the Property revealed the Cancellation, the Second Security Deed, the Fifth Third FiFa, and the Credibility FiFa. The two FiFa's have a combined face amount of $1,149,465.96. Any person of ordinary prudence would immediately question how Mr. and Ms. Cullinan could have had sufficient funds to satisfy the First Security Deed with a balance of over $370,000.00, yet not also pay the Second Security Deed, and moreover, fail to pay other creditors over $1.1 million. Thus, the chain of title suggests either that the Cancellation was executed and recorded in error or that Mr. and Ms. Cullinan obtained a refinance loan to satisfy the First Security Deed and that the refinancing lender failed to record its security deed. Either way, a prudent person should have inquired to both Mr. Cullinan and CSB to confirm whether the First Security Deed was actually paid off. In fact, an inquiry by any hypothetical purchaser would have to be made to CSB because it was the holder of the Second Security Deed, and a payoff statement would be needed to ensure that the debt owed to it is satisfied by the sale proceeds. That inquiry to CSB would almost certainly lead to the purchaser learning that the Cancellation is erroneous and that significant amounts were owing on the First Security Deed. Thus, any inquiry would quickly lead to the conclusion that the Loan was not paid in full and thus the First Security Deed remains valid.

[Doc. 14] at p. 7.

The Debtor argued that "[a] bona fide purchaser, upon encountering a cancelation of a security deed, filed by the same entity that recorded the security deed, would not inquire further, and is entitled to presume that no security interest remained outstanding." [Doc. 15-2] at p. 6 In support of his argument, the Debtor relies upon two cases: (1) *Kelley v. Ocwen Loan Servicing, LLC (In re Bowers)*, 595 B.R. 869 (Bankr. M.D. Ga. 2018); and (2) *AFB&T v. Custom Contractors and Assocs., Inc. (In re Custom Contractors and Assocs., Inc.)*, No. 09-01002-SDB, [Doc. 29] (Bankr. S.D. Ga. Dec. 3, 2009). *Id.*

However, both *Kelley* and *AFB&T* are distinguishable. In both cases, the courts were tasked only with determining whether the face of a cancellation would give rise to inquiry notice. There were no other recorded documents in the chain of title after the cancellations. *See Kelley*, 595 B.R. at 873; *AFB&T*, [Doc. 29] at p. 3 (in both cases, the cancellation was the last recorded document before the bankruptcy case was filed). The same can be said of a Georgia Court of

3

Appeals case that was relied upon by the Court in *Kelley. See Deutsche Bank Nat'l Trust Co. v. JP Morgan Chase Bank, N.A.*, 704 S.E.2d 823, 825 (Ga. Ct. App. 2010) (cancellation was last recorded document before conveyance of property to third party).

On the other hand, where there are other documents in the chain of title that could call the cancellation into question, it has been held that inquiry notice defeats one's status as a bona fide purchaser. *See Macleod v. Suntrust Bank Northwest Ga. (In re Henderson)*, 284 B.R. 515 (Bankr. N.D. Ga. 2002) (modification of loan and affidavit regarding mistaken release recorded after cancellation defeated trustee's claim of bona fide purchaser status). And this is exactly the case here for the reasons set forth above and in CFB's Memorandum of Law in Support of its Motion for Summary Judgment. This Court should deny the Cullinans' Motion for Summary Judgment and grant CSB's Motion for Summary Judgment. The Cancellation should be rescinded, the First Security Deed restored, and CSB's claim deemed secured.

## CONCLUSION

Based on the foregoing, CSB respectfully requests that this Court deny the Cullinans' Motion for Summary Judgment.

Respectfully submitted, this 12th day of October, 2022.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar No. 720572)
> **RUBIN LUBLIN, LLC**
> 3145 Avalon Ridge Place, Suite 100
> Peachtree Corners, GA 30071
> (678) 281-2730 (Telephone)
> (470) 508-9203 (Facsimile)
> bchaness@rlselaw.com
>
> *Attorney for Coastal States Bank*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2022, the within and foregoing was filed via the Court's CM/ECF system, which will serve notice on all registered parties who have appeared in this action. In addition, I certify that on the same date, I caused a copy of the within and foregoing to be served by U.S. First Class Mail, addressed as follows:

Christina Cullinan
3590 Valverde Circle
Jacksonville, FL 32224

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)