**IT IS ORDERED as set forth below:**



**Date: October 27, 2022**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 22-51326-WLH |
| | ) | |
| RICHARD DOUGLAS CULLINAN, | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |
| COASTAL STATES BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. 22-5078 |
| | ) | |
| RICHARD DOUGLAS CULLINAN CHRISTINA M. CULLINAN, FIFTH THIRD BANK, NATIONAL ASSOCIATION, AND CREDIBILITY CAPITAL, INC., | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS RICHARD DOUGLAS CULLINAN AND CHRISTINA M. CULLINAN'S MOTION FOR SUMMARY JUDGMENT**

1

**THIS MATTER** is before the Court on cross motions for summary judgment filed by Plaintiff (Doc. No. 12) and Defendants Richard Douglas Cullinan and Christina M. Cullinan (Doc. No. 15). This is an action seeking rescission of cancellation of a security deed on Debtor and Ms. Cullinan's home. It is a core matter within the meaning of 28 U.S.C. § 157(b)(2), and the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

## *Summary Judgment Standard*

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056(c). "The substantive law [applicable to the case] will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of proving there are no disputes as to any material facts. Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. When reviewing a motion for summary judgment, a court must examine the evidence in the light most favorable to the nonmoving party and all reasonable doubts and inferences should be resolved in favor of the nonmoving party. Id.

## *Undisputed Facts*

The parties agree the facts are not in dispute. On August 21, 2017, Richard D. Cullinan ("Debtor") and his wife, Christina M. Cullinan ("Ms. Cullinan") obtained a loan of $404,969.00

2

from Cornerstone Bank ("Cornerstone"). As evidence of the loan, Debtor executed a promissory note in favor of Cornerstone. Debtor and Ms. Cullinan also executed a security deed (the "First Security Deed") in favor of Cornerstone regarding property at 305 Cannady Court, Atlanta, GA 30350 (the "Property"). The First Security Deed was recorded in the Fulton County, Georgia land records on August 29, 2017.

On August 21, 2017, Debtor and Ms. Cullinan also obtained a Home Equity Line of Credit and executed a second security deed in favor of Cornerstone (the "Second Security Deed"). The Second Security Deed was recorded in the Fulton County, Georgia land records on August 29, 2017.

On January 16, 2020, Cornerstone Bank executed a cancellation of Deed to Secure Debt of the First Security Deed (the "Cancellation"), which was recorded in the Fulton County, Georgia land records on January 30, 2020. At the time the Cancellation was recorded, the loan was not paid in full.

In 2021, Coastal States Bank purchased Cornerstone Bank and became the holder of the Debtor's promissory note.

On August 17, 2021, Fifth Third Bank recorded a Writ of Fieri Facias in the amount of $1,003,898.97 against Debtor (and other entities) in the Fulton County, Georgia land records.[1]

On February 17, 2022, Debtor filed for relief under Chapter 11 of the Bankruptcy Code. Debtor filed a motion to sell the real property in question. On May 26, 2022, the Court granted Debtor's Motion to Sell Real Property. Pursuant to the order approving the sale, "[u]pon closing of the Sale, all liens, claims, and encumbrances on the Property shall attach to the proceeds of the

---

[1] On February 11, 2022, Credibility Capital, Inc. recorded a Writ of Fieri Facias in the amount of $145,566.99 against Mr. Cullinan in the Fulton County, Georgia land records. On May 3, 2022, Debtor filed a motion to avoid Credibility Capital, Inc.'s judicial lien pursuant to section 522(f) of the Bankruptcy Code, which was granted on May 27, 2022 (Bankr. Doc. No. 51).

3

Sale . . . to the same extent, validity, and priority as they existed on the Petition Date, unless the Court has entered an order avoiding all or any portion of a creditor's lien." The sale closed on May 27, 2022. The Second Security Deed and expenses were paid at the closing, leaving $704,787.88 in proceeds.

On June 6, 2022, Debtor filed a motion to disburse all of the remaining proceeds except for $377,657.13, representing CSB's asserted first priority lien on the Property. (Bankr. Doc. No. 56.) The Court granted the motion to disburse the remaining proceeds on July 5, 2022. (Bankr. Doc. No. 65.)

Plaintiff filed the complaint on May 18, 2022 seeking rescission of the Cancellation and a declaratory judgment that the First Security Deed remains in full force and effect. Debtor and Ms. Cullinan answered the complaint and filed a counterclaim objecting to the Plaintiff's claim in the bankruptcy case and seeking to classify it as completely unsecured. Fifth Third Bank, National Association answered the complaint. Credibility Capital, Inc. did not answer the complaint or counterclaim, and Plaintiff requested the Clerk enter default against Credibility Capital, Inc. for its failure to answer or other respond to the complaint. The Clerk entered default against Credibility Capital, Inc. on July 20, 2022.

Plaintiff and Debtor and Ms. Cullinan filed their cross motions for summary judgment on September 21, 2022.[2] Plaintiff contends the Cancellation was recorded by mistake before the loan was paid in full, Debtor was on inquiry notice that the Cancellation was recorded in error, and rescission is appropriate. Debtor and Ms. Cullinan contend the debtor-in-possession stands in the position of a bona fide purchaser under section 544(a)(3) of the Bankruptcy Code who is entitled

---

[2] Fifth Third Bank, National Association filed a Statement of Position (Doc. No. 16) in support of Debtor and Ms. Cullinan's Motion for Summary Judgment.

4

to rely on the Cancellation, regardless of Debtor's actual knowledge that the First Security Deed had not been paid in full.

*__Applicable Law__*

Georgia law allows courts to reinstate cancellations "obtained by fraud or mistake." Decatur Fed. Sav. & Loan v. Gibson, 268 Ga. 362, 364, 489 S.E.2d 820 (1997) (quoting Lanning v. Sockwell, 137 Ga. App. 479, 482 (1976)); O.C.G.A. § 23-2-31. But "[t]he power to relieve mistakes shall be exercised with caution." O.C.G.A. § 23-2-21(c); see also Deutsche Bank National Trust Company v. Kelley, 615 B.R. 940, 950 (M.D. Ga. 2020). A cancellation will not be rescinded merely because the termination statement was filed inadvertently. See In re Motors Liquidation Co., 777 F.3d 100 (2d Cir. 2015) (while secured creditor never intended to terminate its security interest securing a $1.5 billion loan, only its security interest in other property securing an entirely separate financing transaction, it authorized the filing of a termination statement that had that effect); see also In re Wheeler, 580 B.R. 719 (Bankr. W.D. Ky. 2017) (while filing of termination statement may have been inadvertent, it was not unauthorized); Sec. Alarm Fin. Enterprises, L.P. v. Citizens Bank, N.A., 2020 WL 408351, at *3 (S.D.N.Y. Jan. 24, 2020). Georgia law also prohibits equitable relief, such as rescission, if such relief would interfere with a bona fide purchaser. O.C.G.A. § 23-1-20 ("A bona fide purchaser for value without notice of an equity will not be interfered with by equity."); Burke v. Anderson, 40 Ga. 535, 538 (1869) ("[I]f the right of a bona fide purchaser, without notice, will be interfered with by the correction of the mistake, the relief will not be granted."). A security deed will, therefore, not be reinstated when a bona fide purchaser for value has intervened.

Under Georgia law, a bona fide purchaser takes an interest in property that is superior to every interest of which the purchaser had "neither actual nor constructive notice[.]" Deutsche Bank

5

Nat'l Trust Co. v. JP Morgan Chase Bank, N.A., 307 Ga. App. 307, 309 (2010). A bankruptcy trustee, pursuant to section 544(a)(3), may take for the bankruptcy estate the interest a bona fide purchaser would acquire. A Chapter 11 debtor-in-possession has the same powers as a trustee, including the rights and powers of a bona fide purchaser. 11 U.S.C. § 1107(a). A Chapter 11 debtor-in-possession may therefore use the strong-arm powers of a trustee to avoid unperfected liens on real property. In re Sullivan, 448 B.R. 852, 855 (Bankr. N.D. Ga. 2010). As explained in In re Whitlow, 116 B.R. 158, 161–62 (Bankr. W.D. Mo. 1990), the debtor in possession is entitled, under section 1107(a), to stand in the shoes of a trustee and pursue lien avoidance actions under section 544 for the benefit of all creditors of the estate. See also In re Cuzco Dev. U.S.A., LLC, 574 B.R. 724 (D. Haw. 2017) (Chapter11 debtor-in-possession may avoid any lien or conveyance that a hypothetical buyer on the petition date could avoid).

In an action under section 544(a)(3) of the Bankruptcy Code, a bona fide purchaser's actual knowledge of a superior interest is disregarded. 11 U.S.C. § 554(a). Therefore, the relevant inquiry is whether a bona fide purchaser would have had constructive knowledge of the outstanding security interest. Under Georgia law, the chain of title, as reflected in the real estate records, is the starting point for this determination. See Va. Highland Civic Ass'n, Inc. v. Paces Props. Inc., 250 Ga. App. 72, 74 (2001). A purchaser is deemed to have reviewed the applicable land title records concerning the property and to have "notice of every matter which appears in his deed, and of any matters which appear on the face of any deed, decree, or other instrument forming an essential link in the chain of instruments through which he deraigns title[.]" Henson v. Bridges, 218 Ga. 6, 9 (1962); see also VATACS Group v. HomeSide Lending, 276 Ga. App. 386, 391 (2005). "Chain of title includes all recorded instruments pertaining to the property that are executed by an entity holding a recorded interest in the property at the time of the execution of the instrument."

6

VATACS Group, 276 Ga. App. at 391. In Kelly v. Ocwen Loan Servicing, LLC (In re Bowers), 595 B.R. 869, 879 (Bankr. M.D. Ga. 2018), aff'd sub nom. Deutsche Bank Nat'l Tr. Co. v. Kelley, 615 B.R. 940 (M.D. Ga. 2020), the court explained that Georgia law encourages a purchaser to rely on property records. Where the chain of title is "regular on its face" and the instruments are "duly recorded," no duty to inquire arises. Deutsche Bank Nat. Tr. Co., 307 Ga. App. at 309. Constructive notice only arises when the chain of title is inconsistent. Id. at 311; see also Henderson v. Suntrust Bank N.W. Ga. (In re Henderson), 284 B.R. 515 (Bankr. N.D. Ga. 2002). There is therefore generally "no reason why a hypothetical purchaser would second-guess a [cancellation.]" Bowers), 595 B.R. at 879; see also R.W. Holdco v. SCI/RW Holdco, 250 Ga. App. 414, 419 (2001).

### *Application*

Here, no question exists that the Cancellation was recorded in error because, at the time it was recorded, the loan had not been paid in full. Plaintiff's predecessor authorized the filing and the Cancellation appeared in the property records. Plaintiff contends, however, the existence of the Second Security Deed and two judgment liens constituted notice that would give rise to a duty to inquire as to whether the cancellation of the First Security Deed was in error. "Georgia recognizes inquiry notice, which imputes knowledge of an earlier interest to a later purchaser of an interest in land whenever there is '[a]ny circumstance which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry.'" In re Rent A Tent, Inc., 468 B.R. 442, 457 (Bankr. N.D. Ga. 2012) (citing In re Hedrick, 524 F.3d 1175, 1183 (11th Cir.2008); In re Hagler, 429 B.R. 42 (Bankr.N.D.Ga.2009) ("This principle is codified by O.C.G.A. § 23–1–17, which provides in relevant part that '[n]otice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led.'")). Plaintiff's

7

assertion that the Second Security Deed and two judgment liens would have been sufficient to "excite attention" and place a bona fide purchaser on inquiry notice is without merit. See Hagler, 429 B.R. at 53 n. 4.

In Bowers, 595 B.R. at 875, for example, the debtor was fully aware of the existing security interest and continued to make payments on the note after a satisfaction had been recorded and, had a purchaser inquired about the satisfaction, the purchaser would have discovered it was recorded in error. The issue was whether a purchaser would have inquired. Although the evidence suggested the security interest remained on the property, the satisfaction had no facial defects, so the court found there was "nothing that would have 'excited the attention' of a hypothetical purchaser." Id. at 879. In other words, a bona fide purchaser reviewing the title records would have no reason to suspect the security deed remained effective despite the satisfaction. Id.

The same is true here. Though the Debtor was aware of the existing First Security Deed, the chain of title contained no indication that the Cancellation was deficient or incorrect, and a bona fide purchaser would have no reason to think the First Security Deed remained in effect. Bowers, 595 B.R. at 880. The existence of other liens would not trigger a "person of ordinary prudence to inquire about the cancelled deed. A borrower could have satisfied a first mortgage with funds from any number of sources, and a subsequent judgment lien does not suggest a satisfaction was in error. The key here is that the chain of title was regular and there were no facial inconsistencies in any of the recorded documents to excite attention and induce serious inquiry.

When Debtor filed for Chapter 11 bankruptcy relief, he became a debtor-in-possession entitled to stand in the shoes of a trustee as a bona fide purchaser for value. 11 U.S.C. § 1107(a). Georgia law is clear that recission, which is a form of equitable relief, will not be granted to reinstate a security deed where such reinstatement would interfere with a bona fide purchaser, like

8

the Chapter 11 debtor-in-possession. Further, while the Debtor may have had knowledge that the loan had not been paid in full, such actual knowledge is not imputed to the debtor-in-possession, and the chain of title presented no inconsistencies obligating the bona fide purchaser to make inquiry. Accordingly, Debtor, as Chapter 11 debtor-in possession, qualifies as a hypothetical bona fide purchaser and Plaintiff is not entitled to reinstatement of its mistakenly cancelled First Security Deed.

### *Conclusion*

For the reasons stated above, the Court finds there is no genuine issue as to any material fact and Debtor and Ms. Cullinan are entitled to a judgment as a matter of law. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Debtor and Ms. Cullinan's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims for rescission and declaratory judgment are **DENIED**.

**IT IS FURTHER ORDERED** that Debtor and Ms. Cullinan's counterclaim is **GRANTED** and Plaintiff's claim is deemed wholly unsecured.

**END OF DOCUMENT**

**Distribution List**

Bret J. Chaness
Rubin Lublin, LLC
Suite 100
3145 Avalon Ridge Place
Peachtree Corners, GA 30071

Will B. Geer
Rountree Leitman Klein & Geer, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Richard Douglas Cullinan
305 Cannady Court
Atlanta, GA 30350

Christina M. Cullinan
305 Cannady Court
Atlanta, GA 30350

G. Frank Nason, IV
Lamberth, Cifelli, Ellis & Nason, P.A.
Suite 435
6000 Lake Forrest Drive, N.W.
Atlanta, GA 30328