# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In Re:<br><br>**RICHARD DOUGLAS CULLINAN,**<br><br>Debtor. | **CHAPTER 11**<br><br>**CASE NO. 22-51326-WLH** |
| **COASTAL STATES BANK,**<br><br>Plaintiff,<br><br>v.<br><br>**RICHARD DOUGLAS CULLINAN, CHRISTINA M. CULLINAN, FIFTH THIRD BANK, NATIONAL ASSOCIATION, AND CREDIBILITY CAPITAL, INC.,**<br><br>Defendants. | **ADVERSARY PROCEEDING NO. 22-05078-WLH** |

### DEFENDANTS' RESPONSE TO MOTION FOR STAY PENDING APPEAL

Defendants Richard D. Cullinan and Christina M. Cullinan (the "**Defendants**"), by and through their undersigned counsel, and files their Response to Plaintiff's Motion for Stay Pending Appeal, respectfully showing the Court as follows.

### Argument

A stay pending appeal is an "extraordinary remedy" and the party seeking it must show: "(1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the[m] unless the [stay] is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000). *See also In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015)

(applying this four-part test in the context of a bankruptcy appeal under Fed. R. Bankr. P. 8007(a)(1)(A)). *Woide v. Fannie Mae (In re Woide)*, 730 F. App'x 731, 737 (11th Cir. 2018).

**Coastal States Bank ("CSB") cannot show it has a substantial likelihood of success on the merits.**

Plaintiff must prevail on all factors to warrant a stay pending appeal. *Id.* at 737-738. At a minimum, however, the movant must show "serious questions going to the merits." *Ga. United Credit Union v. Moore (In re Moore)*, No. 20-40309-EJC, 2020 Bankr. LEXIS 2307, at *13-14 (Bankr. S.D. Ga. Aug. 27, 2020) (*quoting Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) at 153-54). To do so, the movant "must provide 'new information, authority or analysis to persuade the Court to reconsider its [prior] decision.'" *In re Bullock*, 603 B.R. 411, 416 (Bankr. S.D. Ill. 2019) (*quoting In re Special Proceedings*, 840 F. Supp. 2d 370, 372 (D.D.C. 2012)).

Here, the Plaintiff cannot satisfy the first and most important factor: a substantial likelihood of success on the merits. *See Revel AC, Inc. v. IDEA Boardwalk LLC*, 802 F.3d 558 (3d Cir. 2015) (providing that the first two factors are the most critical).

As argued in Defendants' responsive brief, Plaintiff points to no case law that stands for the proposition that the existence of a second consensual lien and a judgment lien filed against an owner of real property puts a hypothetical bonafide purchaser on inquiry notice that the first lienholder's cancellation would be ineffective. There is simply no relationship between the subsequently filed documents and the Cancellation that would put a person of ordinary prudence to inquire about the cancelled deed, as the Court held in its order granting Defendants' summary judgment.

The Plaintiff again argues that *Kelley v. Ocwen Loan Servicing, LLC (In re Bowers)*, 595 B.R. 869 (Bankr. M.D. Ga. 2018) is distinguishable because there are no other documents following the cancellation filed in that case. Again, this is a distinction that makes no difference to the Court's well-reasoned analysis. There is no support in Georgia state law, the bankruptcy code, or case law under either jurisdiction to support the proposition that the existence of a judgment lien and a second consensual lien would put a bona fide purchaser on notice that a cancellation of the first deed would be in error.

In support of their position, Plaintiff again cites to *Henderson v. Suntrust Bank Nw. Ga. (in Re Henderson)*, 284 B.R. 515, 519 (Bankr. N.D. Ga. 2002). That case is readily distinguishable from reading Plaintiff's own summation of its holding. In that case, the lender that filed the mistaken release had also filed a modification of the loan and an affidavit regarding the mistaken release *prior to the petition date* that would have put a hypothetical bonafide purchase on notice because documents regarding the cancellation were actually filed in the real estate records. *Id.* at 516. Here, Plaintiff never filed any documents related to the cancellation before the petition date and therefore has no chance of winning on appeal.

**CSB cannot show it will suffer an irreparable injury.**

If the Court does find that the Plaintiff has satisfied the first factor, the Court will have to move on to the second factor. Under the second factor, the Southern District of Georgia Bankruptcy Court has held that the Court is required to consider the risk of harm to the movant in the absence of the stay pending appeal. *Ga. United Credit Union v. Moore (In re Moore)*, No. 20-40309-EJC, 2020 Bankr. LEXIS 2307, at *18-19 (Bankr. S.D. Ga. Aug. 27, 2020). "The harm to the movant must be irreparable, meaning that it 'must be neither remote nor speculative, but actual and imminent.' *Id.* (quoting *Int'l Christian Broad. Inc. v. Koper (In re Koper)*, 560 B.R.

-3-

68, 74 (Bankr. E.D.N.Y. 2016)); *see also In re Betteroads Asphalt, LLC*, 610 B.R. 28, 48 (Bankr. D.P.R. 2019) *(quoting Charlesbank Equity Fund II v. Blinds To Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004) ("A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store."). "Mere injuries, however substantial, in terms of money, time and energy expended in the absence of a stay, are not enough. The possibility that adequate compensation or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Moore* at 18-19 (citations omitted).

If Plaintiff is somehow successful on its appeal, it has an adequate remedy in law through the ordinary course of litigation against both Fifth Third Bank and Mrs. Cullinan. If CSB is successful, Fifth Third Bank and Mrs. Cullinan will be required to pay back the funds. There is no irreparable harm to CSB, such as losing a primary residence in the *Moore* case, where there is no adequate remedy or other corrective relief available. Plaintiffs point to the impossibility of "unwinding" plan payments as a reason to not only stay this judgment, but to stay payment to unsecured creditors. Defendants assert that Plaintiff's request to stay payment to unsecured creditors under the Plan is brought in the wrong case. Plaintiff would have to request this relief in the lead bankruptcy case related to the order confirming the plan.

Nevertheless, if CSB is successful on appeal, it would actually be a simple task to ensure unsecured creditors are paid the appropriate amounts under the Plan. If CSB is successful on appeal, whatever is paid to CSB as an unsecured creditor through the Plan would simply be subtracted from the amount it is owed on its secured claim. For instance, if CSB was paid a hypothetical amount of $10,000.00 through the Plan as an unsecured creditor, that amount would

be subtracted from its secured claim if its appeal is successful and redistributed to the unsecured creditors on a pro rata basis.

**A stay would cause harm to other interested parties.**

On the third factor, the movant must establish that a stay pending appeal will not cause substantial harm to other interested parties. *Moore* at 21. "In other words, the moving party must show that the balance of harms tips in favor of granting a stay." *Id.* Mrs. Cullinan will be harmed by a stay in that she will be deprived of the funds she is owed for the entire time it takes the District Court to decide the appeal. Fifth Third Bank will be similarly harmed. If the Court were to grant Plaintiff's other requested relief of staying payment to unsecured creditors, all unsecured creditors would be harmed while this appeal is pending. Defendant asserts that the balance of harms tips in favor of denying a stay pending appeal on this factor as well.

**Public Interest**

The fourth factor requires the Court to consider "how a stay decision 'has consequences beyond the immediate parties." *Moore* at 22 (*quoting In re Stewart*, 604 B.R. 900, 909 (Bankr. W.D. Okla. 2019). In this case, it is unlikely the stay would have any affect beyond parties in this bankruptcy case or this litigation. However, staying plan payments to unsecured creditors would be against the public interest because "the Bankruptcy Code also reflects the public policy of "the equality of distribution to creditor[s] within the priorities established by the Code within a reasonable time." *Id*. The unsecured creditors are expected to be paid pursuant to the terms of the Plan, and it would be against public policy to stay those payments due to the appeal of one creditor who has an adequate remedy at law if it wins. Moreover, the Debtor AND Fifth Third Bank would wind up paying the secured claim, and the redistribution of payments made to CSB as an unsecured

-5-

creditor would be a simple task. Consequently, this factor weighs in favor of denying a stay pending appeal.

## Conclusion

The body of case law cited in this brief supports the proposition that a stay pending appeal is an extraordinary remedy where the first two factors are the most important for the Court to consider. Here, CSB cannot show a substantial likelihood of success on the merits – the most important factor. Put simply, there is no case law or statute that supports CSB's position, and this Court's order granting summary judgment was the only result that could have been reached. Because the Plaintiff has failed to satisfy the first factor, this Court need not analyze the other factors. Regardless, as argued *supra*, the remaining three factors also weigh in favor of denying a stay pending appeal, and Defendants respectfully request this Court deny staying the summary judgment order.

Dated: November 17, 2022                    **ROUNTREE LEITMAN KLEIN & GEER, LLC**

/s/ *Will B. Geer*
Will B. Geer, Ga. Bar No. 940493
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wgeer@rlkglaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed through the Court's CM/ECF system which will provide electronic notice to the following creditors:

- **Bret J. Chaness**   bchaness@rubinlublin.com, BJC-ECF-Notifications@rubinlublin.com
- **Will B. Geer**   wgeer@rlkglaw.com, willgeer@ecf.courtdrive.com;2836@notices.nextchapterbk.com;swenger@rlkglaw.com;6717577420@filings.docketbird.com;kmoore@rlkglaw.com;Geer.WillB117921@notify.bestcase.com
- **G. Frank Nason**   fnason@lcenlaw.com, emiller@lcenlaw.com;emiller@ecf.courtdrive.com;NasonFR86494@notify.bestcase.com

Dated: November 17, 2022

/s/ Will Geer
Will Geer