**IT IS ORDERED as set forth below:**



Date: January 18, 2023

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 22-51326-WLH |
| | ) | |
| RICHARD DOUGLAS CULLINAN, | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |
| | ) | |
| COASTAL STATES BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. 22-5078 |
| | ) | |
| RICHARD DOUGLAS CULLINAN | ) | |
| CHRISTINA M. CULLINAN, FIFTH | ) | |
| THIRD BANK, NATIONAL | ) | |
| ASSOCIATION, AND CREDIBILITY | ) | |
| CAPITAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER DENYING IN PART AND GRANTING IN PART
### MOTION FOR STAY PENDING APPEAL

**THIS MATTER** is before the Court on Plaintiff's Motion for Stay Pending Appeal (Doc.

No. 32) (the "Motion"). The Motion was scheduled for hearing on December 1, 2022. Counsel for

1

Plaintiff (Bret Chaness), counsel for Richard Douglas Cullinan ("Debtor") (Will Geer), and counsel for Fifth Third Bank, National Association ("Fifth Third") (Frank Nason) appeared and announced they had agreed to a resolution. The parties were ultimately unable to resolve the matter, and the Court scheduled a status hearing on the Motion for January 12, 2023. Mr. Chaness, Mr. Geer, and Mr. Nason appeared at the hearing on January 12, 2023 by video and requested the Court rule on the Motion.

Plaintiff filed the complaint on May 18, 2022, seeking rescission of a deed cancellation and a declaratory judgment that its First Security Deed remains in full force and effect. Debtor and his wife, Christina M. Cullinan ("Ms. Cullinan"), answered the complaint, and Debtor filed a counterclaim objecting to the Plaintiff's claim in the bankruptcy case and seeking to classify it as completely unsecured (Doc. No. 6). Plaintiff filed a Motion for Summary Judgment seeking judgment as to its affirmative claims and the counterclaim asserted by Debtor. Debtor and Ms. Cullinan filed a Motion for Summary Judgment as to the complaint; Debtor also sought summary judgment on his counterclaim (Docs. Nos. 12 & 15). The Court entered an order on October 27, 2022 (Doc. No. 24) (the "SJ Order") in which it denied Plaintiff's Motion for Summary Judgment and granted Debtor and Ms. Cullinan's Motion for Summary Judgment, including summary judgment on Debtor's counterclaim. On October 31, 2022, Plaintiff appealed the SJ Order. On November 3, 2022, Plaintiff filed the Motion seeking to stay payments to Debtor's creditors pursuant to the terms of Debtor's confirmed plan of reorganization. A judgment was not entered until December 6, 2022.[1]

---

[1] The SJ Order did not address Fifth Third Bank or Credibility Capital, Inc. The Court held a status conference and asked whether any issues remained as to these parties. The parties agreed there were none and asked the Court to enter the judgment.

2

Bankruptcy Rule 8007(a)(1) governs stays pending appeals arising out of bankruptcy court orders. Fed. R. Bankr. P. 8007. In order to obtain a stay pending appeal of a bankruptcy court order, the movant must demonstrate:

1) the movant is likely to prevail on the merits of its appeal;

2) the movant will suffer irreparable harm if no stay is granted;

3) the other parties to the litigation will not suffer substantial harm; and

4) the relief requested is not contrary to the public interest.

See In re McKenzie, 2009 WL 6499259, at *1 (Bankr. N.D. Ga. Oct. 30, 2009). Each of the four factors imposes a high standard for obtaining a stay pending appeal. The first two factors are the most critical. Nken v. Holder, 556 U.S. 418, 433–34 (2009). "On the second factor, the applicant must 'demonstrate that irreparable injury is *likely*, not merely possible in the absence of a stay.'" In re Revel AC, Inc., 802 F.3d 558, 569 (3d Cir. 2015). "Likely" in this context means "more apt to occur than not." Id.

Here, the complaint was filed against four parties. Credibility Capital, Inc. did not answer, and default has been entered against it. Fifth Third did not dispute that, as a judgment lien creditor, it is not a bona fide purchaser for value ("BFP"); but, if Debtor prevails, Fifth Third's lien will survive and it will receive proceeds from the sale. The relief sought in the complaint and the Motion is therefore primarily as to Debtor and Ms. Cullinan. The Court will focus its analysis of the Motion on the claims against and by Debtor and Ms. Cullinan.

i. Likelihood of Success

Plaintiff filed a Motion for Summary Judgment seeking judgment as to its affirmative claims and the counterclaim of Debtor. In its Motion for Summary Judgment, Plaintiff argued Debtor was not a BFP, contending he (in the shoes of the trustee) was on inquiry notice. The

3

Debtor's Motion for Summary Judgment on the complaint and counterclaim addressed the same issue. The Court ruled in the SJ Order that Debtor was a BFP and was not on inquiry notice as a matter of law, and Plaintiff has appealed the Court's ruling. In the Motion, Plaintiff does not raise any new arguments on this point. The Court is comfortable with its ruling on this issue and the denial of Plaintiff's Motion for Summary Judgment as to the Debtor and the grant of Debtor's Motion for Summary Judgment on the complaint and counterclaim. The Court does not find Plaintiff has shown a likelihood of success on the merits as to the Debtor.

Debtor and Ms. Cullinan filed a Motion for Summary Judgment as to Counts I and II of the complaint, which sought rescission and declaratory judgment as to all parties. Plaintiff's Motion for Summary Judgment is unclear as to whether it sought summary judgment as to Ms. Cullinan. But Defendants' Motion for Summary Judgment, Plaintiff's response thereto, Plaintiff's Motion for Summary Judgment, and the Motion and corresponding briefs all failed to separately address Ms. Cullinan. The Court, however, has reviewed the statement of issues on appeal and Plaintiff's initial appellate brief and Plaintiff has raised two arguments on appeal that were not argued before this Court: that the Court does not have subject matter jurisdiction over the matter as to Ms. Cullinan and that the Debtor's status as a BFP, standing in the shoes of the trustee, does not apply to Ms. Cullinan such that even if this Court is correct in its ruling as to the Debtor, it should not have granted Ms. Cullinan's Motion for Summary Judgment. Even though Plaintiff has not argued these points before this Court, this Court will address them in the context of determining whether a stay of the judgment as to Ms. Cullinan pending appeal should be granted.

Plaintiff argues that the Bankruptcy Court has no jurisdiction to hear its claim to set aside the cancellation of the deed as to Ms. Cullinan, even though it filed the complaint against Ms. Cullinan in this Court and alleged the Court had jurisdiction. Ms. Cullinan agreed the Court had

4

jurisdiction. Only now, after the Court ruled, has Plaintiff questioned the Court's subject matter jurisdiction. Extensive participation in an adversary proceeding can result in waiver of a formal jurisdictional challenge. See Glinka v. Abraham & Rose Co., 199 B.R. 484, 496 (D. Vt. 1996), aff'd sub nom. In re Housecraft Indus. USA, Inc., 310 F.3d 64 (2d Cir. 2002); In re Bernard L. Madoff Inv. Sec. LLC, 418 B.R. 75, 81 (Bankr. S.D.N.Y. 2009); see also Finnegan v. Comm'r of Internal Revenue, 926 F.3d 1261, 1271 (11th Cir. 2019) (issues raised for first time on appeal will generally not be considered). But in any event, the Court concludes it has jurisdiction over Plaintiff's claim against Ms. Cullinan.

Bankruptcy court jurisdiction is codified in 28 U.S.C. § 1334(b) and 28 U.S.C. § 157. Pursuant to 28 U.S.C. § 1334, "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "The bankruptcy court's jurisdiction is derivative of and dependent upon these . . . bases." Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340, 1344 (11th Cir. 1999) (citing Celotex Corp. v. Edwards, 514 U.S. 300 (1995)).

The first category of cases, "arising under" proceedings, "are matters invoking a substantive right created by the Bankruptcy Code." Id. at 1345. Such matters are considered core proceedings. Toledo, 170 F.3d at 1348 (citing Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987)). The second category, "arising in a case under title 11," involves administrative-type matters or matters that could arise only in bankruptcy. See Toledo, 170 F.3d at 1345; see also 28 U.S.C. § 157(b)(2). The definition covers claims that "are not based on any right expressly created by [T]itle 11, but nevertheless, would have no existence outside of the bankruptcy." Baker v. Simpson, 613 F.3d 346, 350-51 (2d Cir. 2010) (quoting In re Wood, 825 F.2d at 97). Typically, the facts giving rise to a claim "arising in" a bankruptcy case occur during the course of the

5

bankruptcy case. See Mercer v. Allen, 2014 WL 185252 (M.D. Ga. Jan. 15, 2014); In re Taylor, 2006 WL 6591616 (Bankr. N.D. Ga. May 4, 2006). These matters also typically constitute core proceedings. Alternatively, a "proceeding [that] does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy" but is related to the bankruptcy case, is also within the Court's jurisdiction but is not a core proceeding. Toledo, 170 F.3d at 1348 (quoting Wood, 825 F.2d at 97); 28 U.S.C. § 157(c)(1).

The claim brought by Plaintiff is a claim to the sales proceeds received by the Debtor pursuant to a Court approved sale. Both Plaintiff and Ms. Cullinan claim those proceeds. This dispute therefore "arises in" the bankruptcy case. See In re Motors Liquidation Co., 829 F.3d 135, 153 (2d Cir. 2016); see also In re Gayety Candy Co., Inc., 625 B.R. 390 (Bankr. N.D. Ill. 2021) (bankruptcy court had jurisdiction over proceeding to determine claimants' rights to proceeds of bankruptcy sale). The determination of rights to the proceeds also affects the amount of Plaintiff's claim against the Debtor in the bankruptcy case and its entitlement to distribution under the plan. If Ms. Cullinan is entitled to the funds, Plaintiff's claim against the Debtor is $377,657.13; but if Plaintiff is entitled to the funds, its claim against the Debtor is reduced by Ms. Cullinan's payment on Plaintiff's claim. This dispute affects the claim of Plaintiff in the case, so it "arises under" the Bankruptcy Code and most certainly is "related to" the bankruptcy case. See King v. Skolness, 624 B.R. 259, 273 (Bankr. N.D. Ga. 2020). The Court concludes it has jurisdiction over Plaintiff's claim against Ms. Cullinan and Plaintiff is not likely to succeed in arguing otherwise. So a stay pending appeal to address the jurisdictional issue is not appropriate.

Plaintiff, however, does have a substantial likelihood of success on its second argument regarding Ms. Cullinan: the right of the Debtor to BFP status under section 544 does not apply to Ms. Cullinan. Her Motion for Summary Judgment should not have been granted. Although

6

Plaintiff did not raise this argument in response to Ms. Cullinan's Motion for Summary Judgment and the Court did not identify it, Plaintiff is correct. In re Ross, 475 B.R. 279, 282 (Bankr. D.D.C. 2012) ("[A]voidance powers are directed to avoiding only the transfer of *the debtor's* interest in the property, not making a change in ownership to which both spouses must consent; the avoidance provisions do not attempt to address the co-owner's interest in the property.") (emphasis in original); see also In re Zapata, 2008 WL 2676368, at *2 (Bankr. C.D. Ill. June 26, 2008).

Plaintiff's right to rescind the deed of cancellation as to Ms. Cullinan depends on her status as a BFP, which is a factual question. Brock v. Yale Mortg. Corp., 287 Ga. 849, 849 (2010); Montgomery v. Barrow, 286 Ga. 896, 898 (2010). No affidavits were submitted by Ms. Cullinan and the statements of undisputed facts did not address Ms. Cullinan or her status. As there is a factual issue as to her status as a BFP, the Court's grant of her Motion for Summary Judgment as to the complaint is incorrect (although the denial of summary judgment to Plaintiff as to Ms. Cullinan remains correct in the Court's opinion because factual issues remain). Moreover, the counterclaim filed on which the Court granted summary judgment was only filed by Debtor, and the Court's order is incorrect in referencing a counterclaim filed by both Debtor and Ms. Cullinan. Because the relief granted to Debtor should not have also applied to Ms. Cullinan, Plaintiff is more apt than not to succeed on this argument.

Because these arguments regarding Ms. Cullinan were not made before the Bankruptcy Court, it is likely Plaintiff's appeal as to Ms. Cullinan will be remanded to this Court for findings on these points. Plaintiff can, however, file a motion under Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60 asking this Court to reconsider its ruling, specifically with respect to these new arguments, and the Court can (and would) make an indicative ruling on these points

along the lines outlined herein under Bankruptcy Rule 8008(a). Doing so would facilitate a more efficient review by the District Court.

    ii.    <u>Irreparable Harm</u>

Plaintiff argues it will suffer irreparable harm if the judgment in this adversary proceeding is not stayed as to the Debtor. The result it seeks, however, is to prevent Debtor from distributing funds to creditors under its confirmed plan while the SJ Order is on appeal. Plaintiff has failed to establish it will suffer irreparable harm absent a stay of the judgment as to Debtor because the plan prohibits Debtor from making distributions to Fifth Third or Plaintiff until the appeal is resolved, even absent a stay.

Pursuant to an order granting Debtor's motion to sell property (Doc. No. 49), pursuant to 11 U.S.C. § 363(h) and (j), Debtor sold real property at 305 Cannady Court, Sandy Springs, GA 30350, which was his principal residence co-owned with Ms. Cullinan. The sale order provided Debtor's counsel was to hold the amount in dispute over Plaintiff's cancelled lien in its escrow account pending further order of the Court. The Court authorized initial distributions on July 5, 2022 but, to date, Debtor has not sought authority to make any further distributions.

On September 2, 2022, Debtor filed an Amended Plan of Reorganization (Doc. No. 78), which was confirmed on November 8, 2022 (Doc. No. 90). The plan provided for distribution of the sales proceeds once this adversary proceeding was resolved. The confirmed plan provides, "no Distributions will be made with respect to any portion of a Claim unless and until . . . any objection to such Claim has been settled, withdrawn or overruled pursuant to a Final Order of the Bankruptcy Court." Section 4.1 of the plan addresses Plaintiff's claims and states that if the claim "is determined to be secured in the adversary proceeding before this Court in case no. 22-05078, [Plaintiff] shall receive the full value of its secured claim as determined <u>by a final order and</u>

8

judgment in this Court." (Emphasis added.) The SJ Order is currently on appeal, so it is not a Final Order. Accordingly, no distributions can be made to Plaintiff on its secured claim pursuant to the plan unless and until the appeal is resolved and the SJ Order becomes a Final Order.

Similarly, distributions to Fifth Third on its secured claim can only be made under the plan once the distribution of sale proceeds is determined, and that requires a Final Order in this case. Further, the Court has directed Debtor to file a motion to address reserving distributions to Plaintiff and Fifth Third on their potential unsecured claims. Moreover, to the extent the Plaintiff or Debtor seek to change or clarify or enjoin the distribution under the plan, a motion must be filed in the bankruptcy case with service on affected creditors, which has not occurred. Because the order in this adversary proceeding is not final, it has no effect on distributions under the plan and a stay is not necessary.

Ms. Cullinan is not a creditor and is not entitled to distributions under the plan. The Court has previously ordered no funds to be distributed to Ms. Cullinan absent further order of the Court. So no funds should be distributed to her unless a motion is filed in the bankruptcy case with service on affected creditors, which has not occurred. But, any distributions to her while the SJ Order is on appeal would be difficult to recover since she is an individual and may not have the funds available to return. An inability to recover the funds would cause irreparable harm to Plaintiff. Moreover, the error in granting summary judgment to Ms. Cullinan could create issues beyond this Court's control since she is not a debtor. Accordingly, the Court will enter a stay pending appeal as to Ms. Cullinan to avoid irreparable harm to Plaintiff given Plaintiff's likelihood of success as to the grant of summary judgment as to her. But Plaintiff is not likely to succeed on its appeal as to the Debtor, and the Plaintiff's rights are protected by the terms of the plan, so no stay pending appeal is necessary or appropriate as to the Debtor.

Accordingly, for the reasons stated herein and on the record on January 12, 2023, which the Court reserves the right to supplement,

**IT IS ORDERED** that the Motion is **DENIED AS TO THE DEBTOR.**

**IT IS FURTHER ORDERED** that the Motion is **GRANTED AS TO MS. CULLINAN.**

**END OF DOCUMENT**

**Distribution List**

Bret J. Chaness
Rubin Lublin, LLC
Suite 100
3145 Avalon Ridge Place
Peachtree Corners, GA 30071

Will B. Geer
Rountree Leitman Klein & Geer, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Richard Douglas Cullinan
305 Cannady Court
Atlanta, GA 30350

Christina M. Cullinan
305 Cannady Court
Atlanta, GA 30350

G. Frank Nason, IV
Lamberth, Cifelli, Ellis & Nason, P.A.
Suite 435
6000 Lake Forrest Drive, N.W.
Atlanta, GA 30328

Credibility Capital Inc.
625 Broad St
Newark, NJ 07102-4417